## Carmichael v. Commonwealth.
(Decided April 28, 1936.)

JAMES O. BAKER for appellant.

B. M. VINCENT, Attorney General, and W. OWEN KELLER, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Affirming.

Marion Carmichael appeals from a judgment and sentence of twenty-one years in prison for the killing of Bill Evans in Cumberland, Harlan county.

According to the evidence presented by the commonwealth, a quarrel began on the porch of Lydia Hale's home. Evans had been drinking. After Evans started to run, Carmichael caught him by the collar and Lydia Hale by the dress and dragged and kicked them across the road to the filling station and saloon of Sabino Sanchez. There he forced them into the building, although Mrs. Sanchez says the Hale woman shoved Evans inside. While Evans was struggling to get away, Carmichael shot and killed him, without any explanation or excuse being given.

The defendant and Lydia Hale testify that Evans came to the porch cursing her, and as Carmichael started away, Evans caught both of them and pulled and kicked them across the street to Sanchez' place. He first pushed Carmichael inside and as he was pulling the woman in, Carmichael turned and then Evans ran towards him with an oath and threatened to kill him; whereupon Carmichael fired. Carmichael says he kept on coming towards him and he put his hand out to push Evans off and his pistol fired again. Car-

michael was shot in the hand, although there is no claim that Evans fired or had a weapon except the testimony of Lydia Hale that when he first grabbed them, "he had something in his pocket because it pushed out this way." The defendant stated he did not know whether he hit his own hand or "whether it came from the back."

The defendant was not entitled to have the right of self-defense as against Sanchez included in the instructions. Counsel's argument is based upon the appellant's testimony that he did not know whether the shot which struck his hand came from the back of him or from his own weapon, coupled with the evidence that immediately after the shooting Sanchez appeared with a pistol in his hand and exclaimed, "Why did he have to kill the man in our place of business." The evidence is clear that Sanchez was not present until then, and there is no claim whatsoever that he attacked the defendant, or any semblance of right of defense against him.

Neither was it error to refuse testimony of Lydia Hale, who was indicted jointly with Carmichael, giving details of some trouble she had had with Evans about a week before. Nor was it error to overrule an objection to a question asking Lydia Hale how long she had served in the penitentiary for the killing of her husband. Hannah v. Commonwealth, 220 Ky. 368, 295 S. W. 159. Some other points are made respecting the evidence, but they are so trivial as not to justify comment.

The ground that the defendant was entitled to another trial because of newly discovered evidence relates to two classes of evidence.

After laying the proper foundation for contradiction, Frank Minton, a deputy sheriff, testified that Lydia Hale, while being brought to jail in an automobile, stated that the defendant Carmichael had shoved and kicked Evans and herself across the street. Affidavits of two boys were filed, stating that they were also under arrest and in the automobile at the time and that Lydia Hale made no such statement. This tended merely to impeach an impeacher of a witness. It is a very exceptional case that justifies the granting of a

new trial upon evidence which is merely impeaching in character, and this manifestly is not such an occasion.

Three persons deposed they were in an automobile nearby at the time of the homicide and saw Evans forcing the defendant and the Hale woman across the street, as they testify, and that immediately after the shooting they looked inside the door and saw "a short stocky man; dark skin and dark complexion," taking a pistol from Evans' hand and run out the front door with that pistol and another, and say: "Anybody that would do that in his place of business ought to be killed themselves." The man described was doubtless Sanchez, who is a Mexican. Counter affidavits were filed showing that these parties were not present, and otherwise contradicting them. It is also shown that they bore a bad reputation. With the exception that Sanchez took a pistol from Evans' hand, the evidence is cumulative. As stated, it was not claimed by the defendant that Evans had a pistol when he came upon him or any other time. It is doubtful if sufficient diligence was shown by the defendant to discover these new witnesses before the trial. We think the record fully justified the trial court in overruling the motion for a new trial upon this ground. Deaton v. Commonwealth, 246 Ky. 367, 55 S. W. (2d) 47; Kirk v. Commonwealth, 247 Ky. 666, 57 S. W. (2d) 658; Combs v. Commonwealth, 255 Ky. 513, 75 S. W. (2d) 7.

The judgment is affirmed.